UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-3680 (DSD/TNL)

G.C. and J.C. by their friend
and Mother Angela Tsiang,

      Plaintiffs,

v.     **ORDER**

South Washington County School
District 833, and Dr. Keith Jacobus,
Superintendent of the South Washington
County School 833,

      Defendants.

    John J.E. Markham, II, Esq. and Markham & Read, One Commercial Wharf West, Boston, MA 02110, counsel for plaintiffs.

    John P. Edison, Esq. and Rupp, Anderson, Squires & Waldspurger, 333 South Seventh Street, Suite 2800, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion to dismiss without prejudice by plaintiff J.C.[1] Defendants South Washington County School District 833 and Dr. Keith Jacobus, Superintendent of the South Washington County School 833 contest the motion, arguing that the claim brought by J.C. should be dismissed with prejudice. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

---

[1] J.C. is nine years old and will be referred to by his initials to protect his privacy. Plaintiff G.C. is also a minor and will be referred to by his initials.

**BACKGROUND**

This civil rights dispute arises out of the claim by plaintiffs G.C. and J.C., by their next friend and mother Angela Tsiang, that they suffer from Electromagnetic Hypersensitivity Syndrome (EHS) caused by radio waves emitted by Wi-Fi, cell towers, cell phones, and other electronic devices.  According to the amended complaint, G.C. and J.C., who attend different schools within the school district, were exposed to radio waves in their respective classrooms which caused them to suffer various symptoms of EHS. Am. Compl. ¶ 33.  For example, G.C. experienced headaches, dizziness, digestive problems, nosebleeds, skin rashes, and difficulty concentrating.  Id.  J.C., the younger of the children, suffered from headaches, stomachaches, sleeping problems, and nosebleeds.  Id.  Tsiang requested various accommodations from the school district to minimize her children's exposure to radio waves while at school.[2]  Id. ¶¶ 34-35, 37.  The school district initially made some changes to meet her requests, but later informed her that it did not believe that EHS is a disability requiring accommodation.  Id. ¶ 37.

On August 11, 2017, plaintiffs commenced this suit.  They amended the complaint on September 5, 2017.  Plaintiffs allege that defendants' failure to accommodate violates the Americans with

---

[2] The court will not repeat in detail the many communications and meetings between Tsiang and defendants given the nature of the motion.

Disabilities Act, 42 U.S.C. § 12101, et seq.  They seek an injunction ordering defendants to meet and confer with Tsiang to determine reasonable accommodations to address G.C.'s and J.C.'s disability.  They also seek attorney's fees and costs and any other remedies available under the ADA.  Defendants promptly answered the amended complaint.[3]  ECF No. 20.

The parties have since completed fact discovery and have exchanged expert disclosures.[4]  ECF No. 38 ¶¶ 1(b), 3(d); Second Edison Decl. ¶ 4.  The dispositive deadline is August 1, 2018, but as of yet neither party has filed a motion for summary judgment. ECF No. 38 ¶ 5(a).

On March 14, 2018, counsel for plaintiffs informed defendants that he planned to move to dismiss J.C. from the case without prejudice.  Second Edison Decl. Ex. 4.  Counsel for defendants responded the same day asking for the basis for the proposed dismissal and later agreed to discuss the matter by telephone.  Id. On March 26, 2018, counsel for defendants informed plaintiffs' counsel that defendants were unwilling to agree to J.C.'s dismissal from the case without prejudice because it would leave open the

---

[3] Plaintiffs filed a motion for preliminary injunction the same day they filed the amended complaint. ECF No. 14.  They later withdrew the motion before the hearing date to allow more time to develop their evidence with respect to G.C.'s and J.C.'s diagnosis. ECF No. 34.

[4] The parties are due to take expert depositions soon.  ECF No. 38 ¶ 3(e).

3

possibility of subsequent litigation.  ECF No. 47, Ex. A.  J.C. now moves for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2).

**DISCUSSION**

Under Rule 41(a)(2), once an answer has been filed, an action may be dismissed at the plaintiff's request only upon order of the court and "on terms that the court considers proper."  "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987).  In determining whether to grant a motion to voluntarily dismiss without prejudice, the court considers several factors including whether (1) the moving party has presented a proper basis for its desire to dismiss, (2) dismissal would result in a waste of judicial time and effort, and (3) dismissal will prejudice the defendants.  Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 950 (8th Cir. 1999).  "[A] party is not permitted to dismiss merely to escape an adverse decision or to seek a more favorable forum."  Id.  Dismissal under Rule 41(a)(2) is within the sound discretion of the court.  Great Rivers Co-op of Se. Iowa v. Farmland Indus., Inc., 198 F.3d 685, 689 (8th Cir. 1999).

J.C. argues that his case should be dismissed without prejudice for three reasons.  First, because of his young age, J.C.

4

has a less-developed history of EHS, which will affect his ability to establish his claim. Pl's. Mem. at 3. Second, the added cost of pursuing his claim will be a financial hardship to his family. Id. Third, the outcome of G.C.'s case will necessarily affect any claim J.C. may have going forward, which would minimize or negate any prejudice to defendants. Id. Specifically, if the court rules that EHS is a recognized disability that G.C. suffers from, defendants are also likely to provide reasonable accommodations to J.C. without resort to litigation. Id. And, if the court decides that EHS is not a disability, J.C. would be foreclosed from pursing a future claim on the same basis. Id.

The court finds J.C.'s arguments compelling. He has provided a proper explanation for his motion, and the court is not persuaded that there has been a waste of judicial resources or undue prejudice to defendants. The court is mindful that defendants have devoted substantial resources in this case, some of which are directly attributable to defending against J.C.'s claim, but the legal and factual issues presented overlap to a significant degree, which minimizes any perceived waste or prejudice. Nor is the court convinced by defendants' argument that J.C. is likely to pursue future litigation regardless of the outcome of G.C.'s case. Although he may well do so, as J.C. has explained, G.C.'s case will very likely dictate J.C.'s rights going forward, regardless of which party prevails. In any event, the threat of future

litigation is insufficient to establish undue prejudice. See Paulucci, 826 F.2d at 782 ("Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit.").

As a result, the court finds that dismissal without prejudice is warranted under Rule 41(a)(2). The court declines to award defendants their attorney's fees and costs incurred in defending J.C.'s claim given the overlap between J.C.'s and G.C.'s claims.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss without prejudice [ECF No. 44] is granted; and

2. J.C. is dismissed from this matter without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 5, 2018

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court