# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| G.C., and J.C. by their next friend and Mother Angela Tsiang,<br><br>Plaintiffs,<br><br>v.<br><br>South Washington County School District 833, and Dr. Keith Jacobus, Superintendent of the South Washington County School 833,<br><br>Defendants. | Case No. 17-cv-3680 (DSD/TNL)<br><br>**ORDER** |

John J.E. Markham, II, Markham & Read, One Commercial Wharf West, Boston, MA 02110 (for Plaintiffs).

John P. Edison & Michael Waldspurger, Rupp, Anderson, Squires, and Waldspurger, 333 South Seventh Street, Suite 2800, Minneapolis, MN 55402 (for Defendants).

This matter is before the Court for an award of reasonable attorney fees and costs in connection with the Court's prior ruling on Defendants' Motion for Payment of Experts' Fees and Sanctions. ECF Nos. 109, 128. For the reasons that follow, the Court orders Plaintiffs to pay $4,025.07 as reasonable costs and fees associated with that motion.

## BACKGROUND

On December 19, 2018, Defendants filed a motion seeking an order (1) compelling Plaintiffs to pay fees that they owed to Defendants' experts for their depositions; (2) stating that Defendants are not responsible for compensating Plaintiffs'

1

expert for an August 2, 2018 deposition; (3) requiring Plaintiffs to reimburse Defendants for costs and fees they incurred with the August 2, 2018 deposition of Plaintiffs' expert; and (4) awarding Defendants the costs and fees associated with bringing their motion. ECF No. 109. The Court granted in part and denied in part Defendants' motion, ordering Plaintiffs to pay Defendants' experts their deposition fees and to pay to Defendants the reasonable costs and fees that Defendants incurred in bringing their motion to compel payment of the deposition fees. The Court denied Defendants' motion for payment of costs and fees in all other respects. ECF No. 128. The Court ordered Defendants to file an affidavit detailing their fees and costs, and permitted the Plaintiffs to file a response to Defendants' affidavit. ECF No. 128. Those filings were submitted respectively on February 27, 2019 and March 6, 2019. ECF Nos. 129, 130.

## DISCUSSION

Defendants seek reimbursement in the amount of $5,427.12. ECF No. 129 at 2. Plaintiffs agree that, of that amount, $1,922.00 is clearly identifiable as costs that Defendants incurred in bringing their motion to compel payment of their expert fees. Plaintiffs dispute, however, the remaining $3,505.12 that Defendants seek. Defendants concede that this amount is not calculated from billing entries that are specifically attributable to the portion of the motion for which fees and costs were awarded. Rather, it is twenty-five percent of $14,020.50, which is the amount that Defendants say correlates to entries that "are generally related to the Motion [to compel payment] and were not broken down in a way that can be specifically apportioned to only the non-payment of Dr. Foster and Dr. Rasimas and not other issues raised in the Motion." ECF No. 129 at 3.

2

Defendants assert that twenty-five percent of this amount "fairly represents the amount of time Defendants' counsel spent on the portion of the motion" related to payment of their expert fees. ECF No. 129 at 3. Plaintiffs assert the Court should limit the award to, at most, 10 percent of the total amount of time spent on the motion. ECF No. 130.

"Where attorney fees are appropriate, courts typically use the 'lodestar' method for calculating a reasonable award." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018). "The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."[1] *Paris. Sch. Dist.*, 894 F.3d at 889 (quotation omitted). Thus, in calculating the lodestar, the Court may exclude from hours that were not "reasonably expended." *Sierra Petroleum Co. v. Beaudry Oil & Serv., Inc*, No. 08-cv-6466 (ADM/SER), 2011 WL 13199285, at *8 (D. Minn. Mar. 7, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gumbhir v. Curators of the Univ. of Mo.*, 157 F.3d 1141, 1146 (8th Cir. 1998)).

In addition, the Court may reduce an award of attorney's fees under the lodestar method when "the documentation of hours is inadequate." *Hensley*, 461 U.S. at 433. The "party petitioning the court for attorney's fees has the burden of producing evidence that those fees are appropriate." *MacGregor v. Mallinckrodt, Inc.*, No. 01-cv-828 (DSD/SRN), 2003 WL 23335194, at *13 (D. Minn. July 21, 2003) (citing *Hensley*, 461 U.S. at 437; *H.G. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991)). This means that the fee applicant bears the burden of documenting the appropriate hours expended. *Flygt*,

---

[1] The Court, relying on its own experience and knowledge of prevailing market rates, believes that the rates sought by Defendants of $225.00 and $190.00 are reasonable. *See Hannig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). Plaintiffs do not dispute Defendants' rates either.

3

925 F.2d at 260 (citing *International Travel Arrangers, Inc. v. Western Airlines, Inc.*, 623 F.2d 1255, 1275 (8th Cir. 1980)); *see also Heimerl v. Tech Elec. of Minn., Inc.*, No. 12-cv-612 (SRN/SER), 2014 U.S. Dist. LEXIS 200389, at *16 (D. Minn. Sept. 8, 2014) (citing *Starr Indem. & Liab. Co. v. Cont'l Cement Co., L.L.C.*, 11-cv-809 (JAR), 2012 WL 6012904, at *5 (E.D. Mo. Dec. 3, 2012) (stating that the challenging party is entitled to know "what the particular task was" for which reimbursement is sought).

The Court believes that, while Defendants met their burden to provide adequate documentation regarding the $1,922.00 that they requested, they failed to do so regarding the additional $3,505.12 that they claim. The billing entries that Defendants rely on for this additional amount do not allocate time between claims for which the Court awarded fees and claims for which the Court did not award fees. For example, one entry reads, "Review and edit memorandum of law in support of motion to compel payment of defendant's experts, obtain attorney fees related to same, obtain relief from obligation to pay Dr. Heuser's fees, and recover costs and fees related to Dr. Heuser's deposition[.]" ECF No. 129-1 at 14. The Court cannot determine from this entry what amount of time was spent on the motion to compel payment of Defendants' expert fees and what time was spent on issues for which the Court did not award costs and fees. Because the Court "cannot determine the appropriate fee from the record, it must exercise its discretion in reducing the fee award." *MacGregor*, 2003 WL 23335194, at *13 (citing *Hensley*, 461 U.S. at 433, 437).

The Court understands that this was a wide-ranging motion that addressed many issues. Defendants, however, have the burden of producing evidence that the fees are

4

appropriate, and did not satisfy that burden here. But given the difficulties in billing in specificity on a complex, multi-issue motion, the Court does not feel it is appropriate to exclude all of the contested billing time from the Defendants' award. Instead, the Court will reduce Defendants' award from 25 percent of the $14,020.50 in general billing entries related to the motion to 15 percent of those entries. This results in a total fees and cost award of $4,025.07, which is a 25.8 percent reduction from Defendants' original cost and fee request of $5,427.12. That result is consistent with decisions reached in other cases where parties presented inadequate documentation of attorney fees. *See Flygt*, 925 F.2d at 260 (affirming reduction of an award by 20 percent for inadequate documentation); *Richemont Int'l, S.A. v. Clarkson*, No. 07-cv-1641 (JRT/FLN), 2008 WL 4186254, at *2 (D. Minn. Sept. 5, 2008) (reducing the award by 20 percent for inadequate documentation); *Grimm v. Cent. Landscaping, Inc.*, No. 07-cv-3215 (JNE/SRN), 2008 WL 3896270, at *3 (D. Minn. Aug. 19, 2008) (applying a 50 percent reduction in fee request based on a lack of documentation, which rendered the court unable to determine the number of hours spent on an unsuccessful claim); *Frerichs v. Hartford Life & Acc. Ins. Co*., No. 10-cv-3340 (SRN/LIB), 2012 WL 3734124, at *5 (D. Minn. Aug. 28, 2012) (reducing the hourly rate requested by 31 percent for lack of proper documentation). *Utecht v. Diamond Lake, Inc*., No. 16-cv-118 (JRT/FLN), 2017 WL 6734178, at *7 (D. Minn. Dec. 29, 2017) (reducing the hours claimed by 25 percent to account for inadequate documentation). The Court will therefore order Plaintiffs to pay Defendants a total attorney's fees and cost award of $4,025.07.

**CONCLUSION**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Within 30 days of the date of this order, Plaintiffs shall pay Defendants $4,025.07 as reasonable compensation for the attorneys' fees and costs Defendants incurred in connection with their motion to compel payment.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April 2, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*G.C., et al. v. South Washington County School District 833, et al.*

Case No. 17-cv-3680 (DSD/TNL)