UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-3680 (DSD/TNL)

G.C. and J.C. by their friend
and Mother Angela Tsiang,

    Plaintiffs,

v.                                          **ORDER**

South Washington County School
District 833, and Dr. Keith Jacobus,
Superintendent of the South Washington
County School 833,

    Defendants.

    John J.E. Markham, II, Esq. and Markham & Read, One Commercial Wharf West, Boston, MA 02110, counsel for plaintiffs.

    John P. Edison, Esq., Michael J. Waldspurger, Esq. and Rupp, Anderson, Squires & Waldspurger, 333 South Seventh Street, Suite 2800, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon notice that plaintiff G.C., by his next friend and mother Angela Tsiang, is no longer attending a school within defendant South Washington County School District 833 (the District). Through this suit, plaintiff is seeking injunctive relief requiring defendant and its superintendent Dr. Keith Jacobus to make certain accommodations because G.C. allegedly suffers from Electromagnetic Hypersensitivity Syndrome.[1]

---

[1] The new school's technology policy appears to address most, if not all, of plaintiff's currently requested accommodations in this suit. ECF No. 132 at 1-2.

Plaintiff initially requested an injunction requiring the District to meet and confer with plaintiff's parents to determine reasonable accommodations to address G.C.'s disability. At oral argument on the District's motions for summary judgment and to exclude expert witness testimony, counsel for plaintiff clarified that he seeks the following specific injunctive relief: (1) allow G.C. to sit as far away from the Wi-Fi access point in the classroom as possible; (2) allow G.C. to hook up an Ethernet cable for his computer; (3) allow G.C. to go to the library and use the Ethernet cable there if there is a classroom assignment that requires Internet use; (4) turn down the Wi-Fi in G.C.'s classrooms; and (5) allow G.C. to go to the nurse's office when he does not feel well. Before the court ruled on the District's pending motions, plaintiff filed noted that he no longer attends school in the District. Under these circumstances, the court can no longer meaningfully provide the relief he sought.

Plaintiff argues that the case is not moot despite the change in schools and school districts because G.C. may want to attend his previous school in the District in the future. The District agrees with plaintiff, arguing that the dispute could resurface in the future. The District further notes that it has already expended substantial resources in defending this action. The court is mindful of the parties' positions and the lengthy course

of this litigation, but nevertheless finds that the case is moot.

"It is of no consequence that the controversy was live at earlier stages in this case; it must be live when we decide the issues." South Dakota v. Hazen, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances .... and a federal court can no longer grant effective relief,' the case is considered moot." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000) (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994)). "[I]f this case is indeed moot, we must refrain from reaching the merits because any opinion issued would be merely 'advisory' and rest on hypothetical underpinnings." Missouri ex rel. Nixon v. Craig, 163 F.3d 482, 484 (8th Cir. 1998).

Here, the court finds that it cannot grant effective relief under the circumstances presented. First, the requested accommodations, if ordered, would be wholly without effect. Plaintiff currently attends a different school in another school district. Thus, nothing ordered by the court would affect plaintiff's current educational setting. Plaintiff's requested accommodations are directed to his former school and, notably, the specific symptoms he experienced while he attended that school.

Any accommodations he may seek from his new school are an entirely separate matter.

Second, the court has little confidence, based on the extensive record before it,[2] that the most recent list of requested accommodations, even if ordered, would be satisfactory to plaintiff should he return to his previous school in the District. Rather, the court finds it more likely that the injunctive relief plaintiff currently seeks may no longer be fitting – or certainly exhaustive - in the future. The court is also concerned that plaintiff's symptoms may be different in kind or severity at a later date given their current breadth and variability. Under these circumstances, the court concludes that the case is moot and must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The case is dismissed without prejudice; and

2. The pending motions are denied as moot without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 23, 2019

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[2] The court's determination is informed by careful review of the materials submitted with respect to the motions for summary judgment and to exclude expert testimony.